UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FANNIE MAE, )<br>      Plaintiff, )<br>)<br>-v- )<br>)<br>VICTOR JOEL GREEN, )<br>      Defendant. )<br>_____) | No. 1:11-cv-1367<br><br>HONORABLE PAUL L. MALONEY |

### ORDER OF REMAND FOR LACK OF JURISDICTION

Defendant Victor Green initiated this action in federal court on December 28, 2011, by filing a notice of removal.

According to the papers accompanying the notice of removal, Fannie Mae and Victor Green were parties to an earlier lawsuit that commenced in 2009. Subsequently, on November 1, 2011, Fannie Mae initiated eviction proceedings against Victor Green by filing suit in the District Court for Ionia County, Michigan. Fannie Mae alleged Victor Green was wrongfully holding over as a tenant after the expiration of the redemption period following a mortgage foreclosure sale. Victor Green was served with the summons and complaint on November 1, 2011, and filed various documents in the state court on either November 9 or November 10, 2011.

The removal statute, 28 U.S.C. § 1446, contains several requirements. Under § 1446(b), a defendant has 30 days to file notice of removal after service of a copy of the initial pleading. The defendant's notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). In paragraph 8 of Victor Green's notice of removal, he relies on 28 U.S.C. § 1443(1) as his grounds for removal, explaining that he has "no remedy to collect on my superior claim in state Court as it does not grant me my fundamental right to due process." (ECF

No. 1-5 "Notice of Removal" PgID 63.)

If a district court determines, at any time before the entry of final judgment, that it lacks subject matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c); *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in it's jurisdiction]; rather a court, noticing the defect, must raise the matter on its own"). The party seeking to remove the action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant has the burden of establishing that removal was proper). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

The United States Supreme Court, through a series of cases, has set forth a two-step inquiry to determine whether a lawsuit may be properly removed from state court to federal court under 28 U.S.C. § 1443(1). *Conrad*, 871 F.2d at 614 (citing *Johnson v. Mississippi*, 421 U.S. 219 (1975), *City of Greenwood v. Peacock*, 384 U.S. 808 (1966), and *Georgia v. Rachel*, 384 U.S. 780 (1966)). First, the right allegedly denied the defendant must arise under federal law that provides for specific civil rights stated in terms of racial equality. *Johnson*, 421 U.S. at 219 (citing *Rachel*, 384 U.S. at 792); *Conrad*, 871 F.2d at 614-15. A claim by the party seeking to remove the action that he or she will

be denied due process of law in state court, standing alone, will not satisfy the requirements of § 1443(1). *Johnson*, 421 U.S. at 219 (citing *Peacock*, 384 U.S. at 825). Second, the defendant must show that he or she cannot enforce a specific federal right in state court as the result of a formal expression of state law, such as a constitutional or legislative provision. *Id.* (citing *Rachel*, 384 U.S. at 799, 803); *see Conrad*, 871 F.2d at 615. Under this second step, the court looks not to the complaint, but to the defendant's conduct to determine if that conduct is protected and whether retaliation for that conduct is prohibited by federal equal rights law. *Conrad*, 871 F.2d at 615.

The notice of removal does not establish that this Court has subject matter jurisdiction over the claims. From the notice of removal, Victor Green appears to contest the existence of any contract between himself and Fannie Mae. Such allegations do not establish federal subject matter jurisdiction under § 1443(1). Victor Green has not established that the federal rights he has been denied arise under a specific civil rights claim stated in terms of racial equality. The allegation is simply that he has been denied due process. Similarly, Victor Green has not identified which state statute prohibits him from vindicating those federal rights in state court.

Because this Court lacks subject matter jurisdiction over the action, removal under 28 U.S.C. § 1443(1) was improper. Accordingly, under 28 U.S.C. § 1447(c), this action is **REMANDED** to the District Court for Ionia County, Michigan. **IT IS SO ORDERED.**

Date:  January 5, 2012  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge